1 | Gregory S. Tamkin (SBN 175009)
  | *tamkin.greg@dorsey.com*
2 | **DORSEY & WHITNEY LLP**
  | 1400 Wewatta Street, Suite 400
3 | Denver, CO 80202-5549, tel. (303) 629-3400

4 | Shannon L. Bjorklund (admitted *Pro Hac Vice*)
  | *bjorklund.shannon@dorsey.com*
5 | **DORSEY & WHITNEY LLP**
  | 50 South Sixth Street, Suite 1500
6 | Minneapolis, MN 55402-1498, tel. (612) 340-2600

7 | Maral J. Shoaei (SBN 345117)
  | *shoaei.maral@dorsey.com*
8 | **DORSEY & WHITNEY LLP**
  | 167 Hamilton Avenue, Suite 200
9 | Palo Alto, CA 94301, tel. (303) 352-1146

10 | Kent Schmidt (SBN 195969)
   | *schmidt.kent@dorsey.com*
11 | **DORSEY & WHITNEY LLP**
   | 600 Anton Boulevard, Suite 2000
12 | Costa Mesa, CA 92626-7655, tel. (714) 800-1400

13 | Attorneys for Plaintiff
   | Biomedical Device Consultants &
14 | Laboratories of Colorado, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| Biomedical Device Consultants & Laboratories Of Colorado, LLC | CASE NO: 2:23-CV-04291-HDV |
|---|---|
| *Plaintiff,* | **PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED HEARING DATE FOR PENDING MOTION FOR PRELIMINARY INJUNCTION (DKT. 59)** |
| vs. | |
| ViVitro Labs, Inc. | **Filed Concurrently Herewith:** |
| *Defendant.* | 1. **Declaration of Gregory S. Tamkin** |
|  | 2. **[Proposed] Order** |
|  | **Date:** [TBD] |
|  | **Time:** [TBD] |
|  | **Ctrm:** [TBD] |

## *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that at such date and time as the Court may set, Plaintiff Biomedical Device Consultants & Laboratories Of Colorado, LLC ("BDC") will and hereby does apply *ex parte* for the Court to set a hearing date on or before August 15, 2023, for BDC's pending Motion for Preliminary Injunction. Dkts. 59-63. This case was transferred to this District after a court in the District of Colorado had set a preliminary injunction hearing for June 6-7, 2023. The case was assigned to Judge Klausner and a hearing on the preliminary injunction motion was set for July 24, 2023. After this case was transferred to this Court, however, the Court vacated all pending hearing dates and directed all movants to re-schedule hearings for after October 1, 2023. Dkt. 65. This delay would cause irreparable harm, because Defendant plans to begin shipping infringing products in September 2023. The preliminary injunction effort has been designed to prevent infringing products from being shipped into the United States. Because of the extraordinary nature and the urgency attached to this preliminary injunction motion, BDC respectfully requests that the Court allow an exception, and set a hearing date in early August.

PLEASE TAKE FURTHER NOTICE that this Application is made pursuant to Federal Rule of Civil Procedure 65, 35 U.S.C. § 283, and Local Rules 7-19 and 65-1 of this Court, on the grounds that: (1) good cause exists; (2) BDC will suffer irreparable injury if its pending Motion for Preliminary Injunction is heard according to the new schedule set such that motions are not heard until after October 1, 2023; and (3) BDC is without fault in creating the circumstances that necessitate ex parte relief. Pursuant to Local Rule 7-19, BDC has provided proper notice of this Application and the relief requested to Defendant. *See* Declaration of Gregory S. Tamkin ("Tamkin Decl."), ¶¶3-6. This Application is based upon this Notice and Application; the attached Memorandum of Points and Authorities; the concurrently-filed Tamkin Declaration; all pleadings and papers on file in this action and such other evidence and argument as may be presented

prior to or at the hearing on this Application. This Application is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 3, 2023.

Respectfully submitted this 5th day of July, 2023.

DORSEY & WHITNEY LLP

By /s/ Gregory S. Tamkin
Gregory S. Tamkin
Shannon L. Bjorklund
Maral J. Shoaei

Attorneys for Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS

### A. Underlying Facts: Defendant Plans to Ship Infringing Products Starting in September 2023

This case involves devices that perform testing of prosthetic heart valves that infringe a BDC patent. International testing standards require that prosthetic valves be able to withstand hundreds of millions of open/close cycles (representing years in a human body) with a specific pressure differential when the valve is closed. Declaration of Craig Weinberg in Support of Motion for Preliminary Injunction (Dkt. 61) at ¶7. BDC revolutionized the market for heart valve durability testing equipment by providing an accelerated testing device utilizing a closed system that can reduce pressure spikes by providing an excess volume area on the outflow side of the valve. *Id.*, ¶5. This excess volume area improves the test environment by mitigating undesirable pressure spikes and increasing speed and longevity in the drive system. *Id.*, ¶¶7-9. BDC applied for, and obtained, a U.S. Patent for this invention.

The superior performance of the BDC product quickly made it the industry standard for heart valve durability testing, and it displaced Defendant's obsolete product. BDC currently has an estimated 70-75% worldwide market share. *Id.*, ¶16. Market share is important due to incumbency effects. *Id.*, ¶17. A single testing system can only test a few devices at a time. To bring a new prosthetic valve device to market, medical device manufacturers must test many sample devices and thus need multiple testing systems. *Id.* Customers generally do not use testing equipment from multiple sources, to avoid introducing additional variables (*i.e.*, differences between testing machines from different suppliers) into the test data. *Id.*, ¶18. The lifespan of valve durability testing equipment is 10-15 years, meaning that once a customer has decided which testing equipment to use, it will likely be a long time before a competitor has the opportunity to usurp the place of an incumbent. *Id.*

Last summer, BDC learned that Defendant was distributing marketing materials for

a new tester, the ADC Heart Valve Durability Tester. Dkt. 61, ¶15. Defendant's test system competes directly with BDC's, and infringes BDC's patent, as explained in detail in BDC's Motion for Preliminary Injunction. Dkts. 59-65. In August 2022, BDC sent a letter notifying Defendant of its infringement of the '935 Patent. Dkt. 61, ¶36. In September 2022, BDC spoke to Defendant's President at a conference, warning him of infringement, and sent another letter in November 2022 describing Defendant's infringement. *Id*., ¶¶39-41. Months later—after giving itself multiple unilateral extensions (despite multiple follow-ups by BDC)—Defendant provided its substantive response, which claimed that BDC's patent is invalid, but did *not* deny that its product practices each element of the patent claim. *Id*., ¶42. Defendant is actively marketing and selling the ADC Heart Valve Durability Tester and expects to deliver the Accused Product in the fall of 2023. *Id*., ¶44.

### B.  Procedural History: BDC Promptly Seeks Relief But Its First Two Hearing Dates Are Canceled

In April 2023, BDC brought this action in the District of Colorado. Dkt. 1. It filed a motion for preliminary injunction on April 12, which was fully briefed and was accorded hearing dates of June 6-7, 2023. Dkt. 11. One week before the hearing, the Colorado District Court granted Defendant's motion to dismiss by transferring this case to the Central District of California. Dkt. 28. The case was assigned to the Honorable R. Gary Klausner, and the parties filed a joint request for the Court to consider the fully-briefed preliminary injunction motion on the already-filed papers. On Friday June 23, Judge Klausner denied the request and directed the parties to re-file the papers in accordance with his practices. Plaintiff re-filed the motion on Monday, June 26, 2023 and noticed a hearing before Judge R. Gary Klausner on July 24, 2023. The day after this motion was re-filed, this case was transferred to Judge Hernán D. Vera. Dkt. 64. The Court vacated all hearing dates for pending cases, including BDC's preliminary injunction hearing, and directed moving parties to re-schedule hearing dates for a date after October 1, 2023. Dkt. 65. A delay until October or November would cause irreparable harm, because Defendant

plans to begin shipping infringing products in September 2023. (BDC did not file a motion for temporary restraining order previously as product shipments were not—at that time—imminent.) Because of the extraordinary nature and the urgency attached to this preliminary injunction motion, BDC respectfully requests that the Court allow an exception, and set a hearing date in early August.[1]

### C. Meet-and-Confer: BDC Confers with Defendant, but Defendant Opposes an Early Hearing and Does Not Offer to Postpone Shipment of Its Infringing Product

Counsel for BDC has conferred with Defendant concerning the filing of this Application, and concerning its Motion for Preliminary Injunction. In addition to the first two rounds of conferral—before filing of the motion in Colorado in April, and before filing the joint request to have the motion heard on the already-filed papers—BDC conferred with Defendant regarding this Application for an expedited hearing. On Friday, June 30, BDC sent an email Defendant to describe the relief it sought and request a conference. On Monday morning, July 3, counsel for BDC and counsel for Defendant conferred via videoconference. Counsel for Defendant stated that they would consider the issue and respond by email. In the afternoon on July 3, counsel for Defendant responded that Defendant does not agree to Plaintiff's requested hearing prior to August 15, 2023. *See* Tamkin Decl. Ex. A.

Defendant has not offered or agreed to delay shipment of its infringing product, nor has it denied that it plans to begin shipping infringing products in September 2023. *See, e.g.,* Tamkin Decl. Ex. A (July 3, 2023 email). Accordingly, BDC has exhausted all available options for remedy, and respectfully asks this Court to set an expedited hearing date.

---

[1] BDC also plans to raise this issue in the Joint Case Management Statement to be filed next week, but given the urgency of the issue and the heavy caseload assigned to Your Honor, believed a separate application was prudent and necessary.

## II. THERE IS GOOD CAUSE FOR RELIEF

*Ex parte* applications are granted upon an adequate showing of good cause or irreparable injury to the party seeking relief. *Clark v. Time Warner Cable*, No. CV 07-1797-VBF(RCx), 2007 U.S. Dist. LEXIS 100716, at *2 (C.D. Cal. May 3, 2007). "A court may modify the deadlines to brief and hear a motion 'when a court order—which a party may, for good cause, apply *ex parte*—sets a different time.'" *Torres v. Igdaloff*, 2022 U.S. Dist. LEXIS 212912, at *5 (C.D. Cal. Feb. 17, 2022), quoting Fed. R. Civ. P. 6(c)(1)(C). Courts in this district have repeatedly granted requests for expedited briefing. *See, e.g., id.* (granting *ex parte* motion for expedited briefing); *Westlake Servs., LLC v. Credit Acceptance Corp.*, No. CV 15-07490 SJO (MRWx), 2017 U.S. Dist. LEXIS 222305, at *1 n.1 (C.D. Cal. Jan. 3, 2017).

There is good cause, because this preliminary injunction motion should be decided promptly. "The urgency of obtaining a preliminary injunction necessitates a prompt determination…." *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The purpose of such injunctions is to preserve the rights and relative positions of the parties, i.e., the status quo, until a final judgment issues." *GM Ltd. Liab. Co. v. Santa Monica Grp., Inc.*, No. CV 10-04787 DMG (RCx), 2010 U.S. Dist. LEXIS 78711, at *2 (C.D. Cal. July 9, 2010), citing *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). For this reason, courts in this District and elsewhere appropriately set preliminary injunctions on an expedited schedule. *See, e.g., GM Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 78711 at *2 (preliminary injunction hearing 11 days after motion was filed); *Flynt Distrib.*, 734 F.2d at 1391 (issuing preliminary injunction less than one month after motion was filed). Indeed, the Civil Litigation Management Manual advises that "[m]otions for emergency injunctive relief require special attention because they demand prompt decisions on a limited record and have an immediate impact on the parties (see Federal Rule of Civil Procedure 65)." Judicial Conference of the U.S., *Civil Litigation Management Manual,* 3d ed. (2022) at p. 58, available at

https://www.fjc.gov/sites/default/files/materials/29/Civil_Litigation_Management_Manual_Third_Edition.pdf.[2] BDC contends that this specific motion—due to the nature of the preliminary injunction, the desire to preserve the status quo, and Defendant's threatened launch of the infringing product in September—necessitates an earlier hearing date. Importantly, both parties have fully briefed the preliminary injunction motion, so the parties should be able to submit briefs on an expedited basis.

In addition, BDC faces irreparable harm if *ex parte* relief is not granted. Preliminary injunctions, by their very nature, require prompt resolution—more so than other motions. This is because the inability to promptly obtain a preliminary injunction, where one is warranted, subjects a party to irreparable harm. "Where the injury cannot be quantified, no amount of money damages is calculable, and therefore the harm cannot be adequately compensated and is irreparable." *Metalcraft of Mayville, Inc. v. Toro Co.*, 848 F.3d 1358, 1363 (Fed. Cir. 2017).[3] In the context of patent infringement, lost market share, lost research and development opportunities, injury to reputation and goodwill, and price erosion are all valid grounds for finding irreparable harm. *Celsis in Vitro, Inc., v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012); *Mylan Inst. LLC v. Aurobindo Pharma Ltd.*, 857 F.3d 858, 872 (Fed. Cir. 2017); *Aria Diagnostics v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013). As described in detail in BDC's motion, Dkt. 60 at 12-16, BDC will suffer irreparable harm if Defendant is permitted to launch its infringing product.

---

[2] While this Manual is not binding authority, it was designed be "useful as one of the many tools available to assist [federal judges] in [their] day-to-day work." *Id.* at p. iv (Committee Comments).

[3] Federal Circuit law governs the substantive aspects a preliminary injunction in a patent case. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988). Regional Circuit law governs "purely" procedural questions. *Id.*

## III. CONCLUSION

BDC respectfully applies *ex parte* for a preliminary hearing date to be set in early August. BDC further requests that briefing deadlines be calculated with respect to the hearing date, as set forth in the Local Rules

Respectfully submitted this 5th day of July, 2023.

DORSEY & WHITNEY LLP


By */s/ Gregory S. Tamkin*
Gregory S. Tamkin
Shannon L. Bjorklund
Maral J. Shoaei

Attorneys for Plaintiff Biomedical Device
Consultants & Laboratories of Colorado, LLC

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System. I hereby certify on July 5, 2023, I caused to be electronically filed Plaintiff's *EX PARTE* **APPLICATION FOR EXPEDITED HEARING DATE FOR PENDING MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System. Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Respectfully submitted this 5th day of July, 2023.

DORSEY & WHITNEY LLP

By */s/ Gregory S. Tamkin*
Gregory S. Tamkin
Shannon L. Bjorklund
Maral J. Shoaei

Attorneys for Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC